284 So.2d 570 (1973)
STATE of Louisiana
v.
Clarence JONES and Everett Louis Jackson.
No. 53745.
Supreme Court of Louisiana.
October 29, 1973.
*571 Robert F. Fleming, Jr., Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendants, Clarence Jones and Everett Louis Jackson, were charged by bill of information with the crime of armed robbery. They were tried and found guilty as charged. Defendant Jones was sentenced to serve fifteen years at hard labor; defendant Jackson was sentenced to serve twenty years at hard labor.
Upon review of the denial of defendants' application for writ of habeas corpus, we found that defendants had timely requested that an appeal be taken, but it had not been done. Accordingly, we granted defendants an out-of-time appeal in order that an attorney be appointed to perfect their bills of exceptions (if any) and to prosecute the appeal granted to defendants.
Two bills of exceptions were reserved below and subsequently perfected. Bill of Exceptions No. 1 concerns an alleged violation of the attorney-client relationship. Bill of Exceptions No. 2 concerns an alleged prejudicial error occurring when the State was allowed to question defendant Jackson on cross-examination in regard to a picture of the lineup which had previously been introduced into evidence.
Concerning Bill of Exceptions No. 1, John L. Simmons, Jr., staff counsel of the Orleans Parish Legal Aid Bureau, Criminal Division, was called as a witness for the prosecution. It was then established that he had attended the lineup procedure in which the defendants were involved. At this point, defense counsel entered a general objection to allowing Simmons to testify, alleging that his testimony would divulge matters protected by the attorney-client privilege. The objection was overruled, and the bill of exceptions was reserved. Simmons testified that it was his duty to apprise defendants of their constitutional rights, to be present in the event defendants wished to consult counsel, and to make certain that the lineup was conducted fairly. He further stated that he was not the attorney of record for these two defendants, but that he represented them for the purposes of the lineup only. Simmons testified that the subjects in the lineup were similar in build and height and gave descriptions of their uniform attire, ages, heights, weights and skin textures. He further described the physical set-up of the procedure and that defendants were allowed to choose their own numbers which governed the order in which they would appear in the lineup. In addition, Simmons stated that the victim, sitting alone in the area with two officers and himself, made an identification.
Defendants contend that such testimony violated the attorney-client privilege and resulted in prejudicial error.
R.S. 15:475 provides:
"No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client's express consent, to disclose any communication made to him as such legal adviser by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being such legal adviser."
The facts to which Simmons testified were obtained independently of any communication or relationship with the defendants; *572 therefore, it did not represent privileged communications between attorney and client as set forth in R.S. 15:475. We agree with the observation made by the trial judge in his per curiam that he did not consider this testimony to have impinged on the attorney-client relationship, for the stated reason: "The question merely sought to interrogate the witness Simmons with respect to his observation of how the lineup was conducted. I can see nothing in this examination which infringed on any constitutional or statutory right of this defendant."
Even if we were to consider otherwise, such testimony did not prejudice defendants' case in any way. Simmons' testimony was merely cumulative in that a photograph taken of the participants during the lineup procedure was introduced into evidence showing the similarity of the lineup participants as well as the non-suggestiveness of the procedure. Additionally, the victim testified that he was unassisted in his identification of the defendants from a group of seven men who had approximately the same build and height. Thus, the bill has no merit.
Bill of Exceptions No. 2 was reserved when the prosecution asked defendant Jackson on cross-examination to identify a photograph of the lineup. The photograph had been previously identified and filed into evidence without objection by the defense. Defendants contend that the repetition of displaying the photograph before the jury resulted in prejudicial error.
R.S. 15:280 provides:
"When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case."
Since defendant took the stand to testify in his own behalf, he was subject to cross-examination on the whole case. The photograph, being an integral part of the evidence in the case, was a proper subject upon which the State could cross-examine the defendant. Furthermore, we find no prejudicial effect resulted from the cumulative showing of the photograph to the defendant on cross-examination. The bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs with reasons.
DIXON, J., concurs.
BARHAM, Justice (concurring).
I agree with the result reached by the majority under Bill of Exceptions No. 1, being of the opinion that there has been no showing of prejudice to the defendants under that bill. The record does reveal that the testimony was merely cumulative. Nevertheless, I disagree with the majority's statement that the facts to which Simmons testified were obtained independently of any relationship with the defendants and were therefore not privileged communications between attorney and client as set forth in R.S. 15:475. That statute provides:
§ 475. Privileged communications between attorney and client

No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client's express consent, to disclose any communication made to him as such legal adviser by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being such legal adviser. (Emphasis ours)
The record in this case makes it clear, and the majority opinion states, that Simmons, staff counsel for Legal Aid's Criminal Division, represented the defendants for the purposes of the lineup. It is therefore clear that Simmons was the defendants' legal adviser and that, as such, he is not permitted to disclose information he obtained by reason of his being such legal *573 adviser. The facts about which he testified were unquestionably facts he obtained by reason of his relationship with the defendants, not facts he obtained independently of that relationship.
Under the circumstances, I can not join the majority in its determinations that the information disclosed was not privileged information obtained in the context of the attorney-client relationship and that R.S. 15:475 was not violated by Simmons' testimony at the trial of these defendants.
I respectfully concur.