. (107 So. 583)

No. 27715.

**STATE v. LOWERY.**

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞627½—Refusal to grant defendant's request that state produce alleged intoxicating liquor for analysis held reversible error (Act No. 39 of Ex. Sess. 1921).**

In prosecution under Act No. 39 of Ex. Sess. 1921 for transportation of whisky, refusal to grant defendant's request that state produce alleged intoxicating liquor in its possession for purpose of analysis was reversible error.

2. **Criminal law ☞627½—Request for production of liquor held timely made, where incorporated in application for bill of particulars, and motion need not be renewed after commencement of trial.**

Request for production of liquor for purpose of analysis, in prosecution for its transportation, *held* timely made, where incorporated in application for bill of particulars, and defendant was not required to renew motion after commencement of trial.

Land and Thompson, JJ., dissenting.

Appeal from First Judicial District Court, Parish of Bossier; E. P. Mills, Judge.

James H. Lowery was convicted of transporting intoxicating liquor, and he appeals. Conviction set aside, and case remanded for further proceedings.

Robertson & Gibbs, of Shreveport, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., L. C. Blanchard, Dist. Atty., of Shreveport, L. B. Duke, Asst. Dist. Atty., of Benton, and Aubrey M. Pyburn, Asst. Dist. Atty., of Shreveport (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. Defendant appeals from a conviction and sentence for transporting, for beverage purposes, intoxicating liquor, commonly called whisky, in violation of the provisions of Act 39 of Ex. Sess. 1921.

Defendant excepted to the ruling of the court below refusing to require the state to set out in the information the kind and quantity of the alleged intoxicating liquor, and also to the action of the trial judge in denying him the right to have the said liquor produced in open court so that he might have it analyzed, in order to determine its alcoholic content. In this court defendant has filed an assignment of errors in which he attacks the legality of the sentence imposed upon him and the constitutionality of the "transportation" clause of the statute under which he was convicted.

In his presentation of the case before us, counsel for the defendant confined his argument to the alleged error of the trial judge in refusing to grant his request for the production of the alleged intoxicating liquor in open court, in order to give him the opportunity to have it examined and analyzed.

In his statement per curiam, the trial judge assigns, as his reason for refusing the request of defendant, that the state having alleged the liquor was whisky, it was sufficient, since whisky is a well-known intoxicant; that about one teaspoonful of whisky soaked up in rags was produced in open court; and that defendant, at the time, made no motion for a delay within which to have it analyzed.

[1, 2] We think the request of the defendant was a reasonable one, and that it should have been granted. It was incorporated in the application for a bill of particulars, and was therefore timely made. It was not incumbent on defendant to renew his motion after the trial of the case had begun.

The alleged whisky was at all times in the possession of the state, and no valid reason has been given why it could not have been produced in open court when the motion was filed, in order that defendant might have it analyzed. In such a proceeding, the case for the prosecution could not have been injured since, if the liquid was actually whisky, the

analysis would have confirmed that fact. On the other hand, it was an essential element of appellant's defense to demonstrate, if he could do so by an analysis, that the alleged intoxicant was not whisky.

The views which we have herein expressed are not in conflict with prior decisions wherein we held that the state was not required to show by a chemical analysis the intoxicating quality of the liquor possessed by the accused.

For the reasons assigned, the conviction and sentence appealed from are set aside, and this case is remanded to the district court to be further proceeded with according; to law.

LAND and THOMPSON, JJ., dissent.