THOMPSON, J.
This appeal is from a sentence to pay a fine'of $300 for selling intoxicating liquor, commonly called “Ghock Beer,” for beverage purposes.
The reversal of the conviction and sentence is asked on two grounds:
 1. Before trial the defendant filed a motion for a bill of particulars, in which, among other things, he asked that the state produce the beer in question in order that the defendant might have the same analyzed to determine the alcoholic contents. The state answered the motion by stating that the beer was not in possession of the state or any of its officers.
It appears that the beer in question had been turned over to the federal authorities for analysis and use in a prosecution against the defendant in the federal court and had not been returned to the state officials. Hence it was not in the power of the state to produce it. We know of no authority which requires the state to demand of the federal officers the return of confiscated liquors in order that a defendant may have the benefit or use of same in a prosecution in the state court for an illegal sale of the particular liquor.
The counsel for the defendant cite State v. Lowery, 160 La. 811, 107 So. 583, as supporting the right of the accused to have a sample of the beer produced. That decision has no application here. In that case the whisky was at all times in possession of the state, and the refusal of the court to afford the defendant an opportunity to inspect it or to have it analyzed was purely arbitrary and a deprivation of a substantial right. The case cited would be pertinent were it in the power of the state to produce the beer.
 2. On the trial of the case the state placed one Lambert, a federal prohibition enforcement detective, on the stand, who testified that he purchased 14 bottles of beer from the defendant and that the beer had sufficient alcoholic content to produce intoxication.
The state also placed on the stand one J. A. McDaniel, who testified that he assisted the United States chemist in making the test of the particular beer, and that it contained more than 4 per cent, alcohol. While this witness was not a graduate chemist, he had for two years in New Orleans and elsewhere assisted in making such tests by regular chemists. He also testified that he knew how to make a “bull meter” test of wine, beer, etc.
The defendant objected to the testimony of Lambert because he was not a chemist, that there had been a chemical analysis made, and that the testimony of the witness called for his opinion.
The defendant also objected to the testimony of the witness McDaniel for the reason that he was not a chemist, and that his testimony as to alcoholic contents, as well as to the identity of the beer, was hearsay.
This court has more than once decided that a chemical analysis is not essential and is not the exclusive method of establishing the in *389 toxicating nature of the liquor in prosecutions of this kind.
In the case of State v. Prophet, 157 La. 550, 102 So. 666, several witnesses familiar with all kinds of whisky had testified that the liquor was corn whisky, and it smelled to the court like whisky; whereupon the court was requested to charge itself that the alleged whisky not being a recognized brand, but homemade, it was necessary for the state to prove that it was actually intoxicating, and that such character must be determined by chemical analysis, or from persons actually becoming intoxicated from imbibing said alleged whisky. The trial court declined to give the charge, and this court sustained him, citing State v. Coco, 152 La. 241, 92 So. 883.
In State v. Abraham, 158 La. 1022, 105 So. 50, the court again held:
“Chemical analysis of liquor for purpose of proving its intoxicating character is not the exclusive method of ascertaining such fact, but it may be established as well by non expert opinion of those accustomed to drink liquor and acquainted with various kinds.”
The witness Lambert testified, as stated, that he bought the 14 bottles of beer from the defendant, that he was familiar with the taste of home-brew, and that the beer was sufficiently alcoholic to produce intoxication.
The testimony of the witness McDaniel to the effect that the beer contained more than 4 per cent, alcohol was not based on information derived from a test made by another, but from his own knowledge ascertained by himself assisting in the making of the'test. The testimony was therefore not subject to the objection of hearsay.
The fact as to whether the beer analyzed was the same as that bought from the defendant was a question within the province of the trial judge.
The conviction and sentence are affirmed.