264 So.2d 581

STATE of Louisiana

v.

Thomas James MEHAN.

No. 51637.

June 29, 1972.

H. W. "Pat" O'Brien, Jr., New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Chief Justice.

Thomas James Mehan was charged with the crime of murder. He was tried, found guilty without capital punishment, and sentenced to life imprisonment in the State Penitentiary.

Numerous bills of exceptions were reserved during the trial of the case. However, many of them were abandoned and, on this appeal, appellant relies on only thirteen of his bills to obtain a reversal of his conviction. A number of these involve the same legal issue.

■ Bill of Exceptions No. 15 recites that it was reserved when the court refused to "allow defense counsel to argue in his opening statement that a conspiracy existed against the defendant, perpetuated by state witnesses."

It is stated by counsel in his brief that the trial judge erred in not giving him sufficient latitude to explain the theory of conspiracy between certain state witnesses "who were allegedly with the defendant and in the area where the defendant allegedly killed the victim."

We find no merit in the bill.

In the recent case of State v. Spencer, 257 La. 672, 243 So.2d 793 (1971), we held that " * * * defense counsel who avails himself of the opportunity to make an opening statement under Code of Criminal Procedure Article 765(4) must confine his remarks to an explanation of the nature of the defense and the evidence by which he expects to establish it," and that wide discretion is "vested in the trial judge in his control of the opening statement to confine it within these limits."

In the instant case neither the additional discussion sought to be made by defense counsel in his opening statement, nor the gist thereof, is attached to or incorporated in the bill. Nor are we informed as to what extent the trial judge had already permitted discussion of the matter before curtailing counsel's remarks. Under these circumstances it is impossible for us to say that the court abused its discretion in limiting the opening statement, as asserted.

Moreover, the discourse which counsel sought to inject into his opening statement appears, in reality, to be argument which he was entitled to make and presumably did make in his closing statement to the jury.

■ Bills of Exceptions Nos. 16 through 24 were reserved when the trial court, over objection of defense counsel, permitted identification by Detective C. Dasalla of certain photographs (S–3 through S–12) without their having been identified by the photographer who took the pictures. Bill No. 26 involved the same objection, except that the photographs were identified by Dr. Ignacio Medina, Jr. Bill No. 27 was reserved when the court permitted state witness James Shields to identify another photograph (S–31) on the same grounds. When all these photographs were introduced into evidence, Bill No. 33 was reserved. In each instance the objection to the identification of the photographs and their introduction was that the person who had taken the pictures had not identified them.

We find no substance in these bills.

In State v. Johnson, 198 La. 195, 3 So.2d 556 (1941), this Court observed that:

"Stated as a general rule, the proposition is that photographs are admissible in

evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy, and where they tend to illustrate any material fact in the case, or to shed light upon the transaction before the court. Wharton's Criminal Evidence, 11th Ed., Vol. 2, sec. 773, p. 1317.

\* \* \* \* \* \*

"The admission of photographs and the use to be made of them on the trial must necessarily rest largely within the discretion of the trial judge, who can determine whether they serve a proper purpose in the jury's enlightenment. Wharton, Criminal Evidence, 11th Ed., Vol. 2, sec. 773, p. 1323."

See also State v. Fulghum, 242 La. 767, 138 So.2d 569 (1962); State v. Giles, 253 La. 533, 218 So.2d 585 (1969); and State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).

Further, in State v. Fox, 251 La. 464, 205 So.2d 42 (1967), we said that, "It is the well settled rule that a picture to be introduced in evidence need not be verified by the photographer who took the picture, and that the sufficiency of the verification is a matter largely within the discretion of the trial judge." This language was approved in State v. Lacoste, supra.

Defense counsel herein urges only that the person who took the photographs did not identify them. He does not contend that they were not otherwise properly identified, such as by a person present when they were taken, or by testimony of a person familiar with the scene or object shown, that the pictures truly depict the scene or the object. The evidence taken in connection with the bills is not made part of or attached thereto. Consequently, we must assume that the trial court did not abuse its discretion in admitting the photographs and that he permitted their identification and introduction only after they were properly identified.

For the reasons assigned the conviction and sentence are affirmed.