PER CURIAM.
 

 The defendant, Charles Fulmer, was tried by a jury, found guilty of murder and sentenced to life imprisonment at the Louisiana State Penitentiary. (La.R.S. 14:30). He appeals his conviction and sentence relying on three bills of exceptions reserved and perfected during the proceedings.
 

 Bill of Exceptions No. 1 was reserved when the Assistant District Attorney stated during his examination of a witness, “T believe you said you could identify the person you saw beating this man over the head with a baseball bat?” The defendant objected to this question and asked for a mistrial on the grounds that at this point in the trial the witness had not testified specifically that he could identify the perpetrator of the beating. The defendant argues the prosecution was assuming a fact that wasn’t a matter of record and his question was, therefore, improper.
 

 We find that there was no prejudice to the defendant resulting from the question posed by the Assistant District Attorney. The question did not fall within the grounds for mistrial listed in La.C.Cr. P. Arts. 770 and 771. Furthermore, the trial court immediately ordered the Assistant District Attorney to withdraw and rephrase the question thereby curing the error, if any. This bill of exceptions is without merit.
 

 
 *976
 
 Bill of Exceptions No. 2 was reserved when a state witness testified that he could not identify the killer, to which testimony 'the trial court upheld a plea of surprise and allowed the prosecution to “lead” the witness over objection of defense counsel.
 

 Louisiana law is clear -'that a party may not ask leading questions of his own witness unless the witness be unwilling or exhibit hostility to the party calling him. (La.R.S. 15:277). It was shown through testimony of events which occurred prior to the trial, that the witness had made a prior contradictory statement concerning what took place at the time of the killing. The Assistant District Attorney stated that "he had been advised by the witness on the morning of the trial that the witness could identify the defendant as the perpetrator of the killing.
 

 The record demonstrates that the witness was an unwilling witness. The control of the examination of witnesses is left within the sound discretion of the trial judge, and his rulings in this respect will not be disturbed in the absence of an abuse of discretion. We find no such abuse. State v. Hollingsworth, 160 La. 26, 106 So. 662 (1926). The bill of exceptions lacks merit.
 

 Bill of Exceptions No. 3 was not briefed or argued by the defendant and is therefore considered abandoned.
 

 Bill of Exceptions No. 4 was reserved when the trial court allowed the state to call Mr. Aubrey A. Girod on rebuttal. The defendant objected to the testimony of Mr. Girod on the grounds that he had been in the court room during the trial, although all the witnesses were under sequestration. Mr. Girod was a guard at the Louisiana State Penitentiary and the trial court allowed him to be exempt from the rule of sequestration following our holding in State v. Raymond, 258 La. 1, 245 So.2d 335 (1971). In that case we stated that law enforcement officers and medical experts could be, exempted from the rule of sequestration by the trial court when to do so “facilitated the trial of the .case with no prejudice to the defendant.”
 

 Without considering the correctness of the trial judge’s ruling holding that 'Mr. Girod was exempt from the sequestration rule because he was a law enforcement officer, we hold that under the circumstances no prejudice occurred to the defendant. Mr. Girod testified only as to certain procedures regarding the concession stand operation at the Louisiana State Penitentiary, and his testimony could not have been influenced by the testimony of other witnesses. We- find the bill of exceptions to be without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 BARIiAM and DIXON, JJ., concur.