319 So.2d 303 (1975)
STATE of Louisiana
v.
Verg Lee NERO.
No. 55893.
Supreme Court of Louisiana.
September 5, 1975.
*306 Bernard Jack Usprich, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
Pres Kabacoff, New Orleans, for amicus curiae.
SANDERS, Chief Justice.
The defendant was tried by jury, convicted of armed robbery, LSA-R.S. 14:64, and sentenced to serve a term of twenty years in the custody of the Louisiana Department of Corrections. He appeals, relying on twenty-three assignments of error.

ASSIGNMENT OF ERROR NO. 1
Defendant assigns as error the allowance by the trial judge, on the day before trial, of an amendment to the bill of information by the State to change the name of the victim from Dennis Jean to Beryl Reese. Defendant argues that this change is not one of form but of substance, and that he was prejudiced thereby.
This Court disposed of an identical contention in State v. Hubbard, La., 279 So.2d 177 (1973), holding:
". . . Conceding arguendo that this was an amendment of substance, it was properly allowed before trial. State v. Royal, 255 La. 617, 232 So.2d 292 (1970); Article 487 Code of Criminal Procedure.
"The only relief to which appellant could be entitled is a continuance under Article 489 Code of Criminal Procedure. However, this is only upon a showing that he was prejudiced by the change of the name of the victim in the bill of information."
The defendant made no showing of prejudice and filed no motion for continuance. Both Dennis Jean and Beryl Reese were witnesses to the armed robbery. We conclude that the amendment was properly allowed.

*307 ASSIGNMENT OF ERROR NO. 2
In this assignment the defendant complains of the failure of the State to timely file a written answer to the defense Motion to Suppress Identification.
According to Rule IX of the Rules of the Criminal District Court, Parish of Orleans, all pleadings shall be in writing, and the party opposing a motion shall file his opposition no later than one day before the hearing. Here, during the hearing on the Motion to Suppress Identification, the State answered orally and was also permitted to file its late written answer, a general denial of the grounds asserted in the motion, over defense objection.
The trial judge explains in his per curiam that he permitted the State to file its written answer to the motion to suppress identification during the hearing thereon in view of the fact that there were practical considerations to explain the State's tardiness in this regard, i. e., a change in the administration of the District Attorney's office. Additionally, no prejudice was found to result from the delay. See LSA-C.Cr.P. Art. 921.
This assignment is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
This assignment pertains to the failure of the trial court to allow defendant to view a form signed by the victim, Beryl Reese, following the lineup involving the defendant.
At the hearing on the Motion to Suppress Identification, Beryl Reese testified that after the lineup she was called to a soundproof room where she was asked if she could identify anyone. She further testified that she then identified a person by number and completed a form of questions. At this point, defense counsel requested a copy of the form this witness completed at the lineup "for purposes of impeachment." The request was properly denied. The broad assertion that production of this form was sought for purposes of impeachment is not an adequate basis to require production. LSA-R.S. 15:493; State v. Lane, La., 302 So.2d 880 (1974); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
Again, during the examination of the same witness, Beryl Reese, on the motion to suppress identification, defense counsel was not allowed to ask this witness what she had filled out on the form described in the previous assignment of error.
At this hearing, the witness testified that the accused was number six in the lineup, and that she had already identified him when she made out the police form. In view of this testimony, no prejudice to the defendant resulted. See LSA-C.Cr.P. Art. 921.

ASSIGNMENT OF ERROR NO. 5
During the hearing of the motion to suppress identification, Officer Krinke, who was present at the lineup, testified that earlier on the day of the hearing, he had refreshed his memory concerning the lineup by looking at his supplemental report, that he remembered the lineup in question very vividly, and had only reviewed his report to be sure of the exact date. Defendant requested a copy of that report, and, when the request was denied, a bill of exceptions was reserved.
The officer made it clear in his testimony that he had a vivid independent recollection of the lineup and only referred to the report before appearing in court to refresh his recollection as to the exact date. He did not refer to the report while testifying. Under these circumstances, the defendant is not entitled to a copy of the report. State v. Lane, La., 302 So.2d 880 (1974); State v. Payton, La., 294 So.2d 211 (1974). Compare State v. Perkins, *308 La., 310 So.2d 591 (1975); State v. Tharp, La., 284 So.2d 536 (1973).

ASSIGNMENT OF ERROR NO. 6
While Officer Krinke was testifying at the hearing on the motion to suppress identification, he was asked if there was any voice identification during the lineup. His reply was in the negative, "to the best of my knowledge." Counsel for defendant then sought to elicit answers tending to show that the officer was uncertain and requested that the court have the officer look at his report. The request was denied, and the denial is the basis for this assignment of error.
When his testimony is viewed as a whole, the officer was steadfast in his assertion that no one uttered a word on the show-up stage. He did remark that, if a voice identification had occurred, his report would indicate it. Nevertheless, he followed the remark with the statement: "But I would say positively that no one uttered a word on the stage."
This case differs from State v. Sbisa, 232 La. 961, 95 So.2d 619 (1957) relied upon by the defendant. In Sbisa the main prosecuting witness was the officer who made a statement which was reduced to writing and which culminated in the indictment under which defendant was being prosecuted. While under cross-examination, this officer made contradictory statements as to material facts of the crime charged. When asked whether a copy would refresh his memory, he replied that it would. Defendant called for production of the statement, and the court maintained the objection by the State. This Court held, under those facts, that the interest of justice would be better served by having allowed this witness to refresh his memory with respect to a matter very material to a successful prosecution. The Court stated: "This is particularly so because the State was relying solely on the testimony of the witness Bray to show knowledge by the defendant of the alleged graft being engaged in by his subordinates."
We conclude there is no error in the ruling.

ASSIGNMENT OF ERROR NO. 7
The trial judge denied the motion to suppress identification based on the objection that the accused was not afforded an attorney at the lineup. Defendant contends that at the time of the lineup, "the prosecutorial function had reached a state where it was an adversary of Verg Lee Nero" and, therefore, counsel should have been present.
The lineup was conducted on August 29, 1973. The bill of information charging the defendant with armed robbery was filed on September 5, 1973, about a week later.
In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court held that the Sixth Amendment is inapplicable to pre-indictment lineups; hence, the presence of an attorney was not required. Applying the Kirby decision, this Court has likewise held that counsel is not required at pre-indictment lineups. See State v. Johnson, La., 306 So.2d 724 (1975); State v. Jefferson, La., 284 So.2d 577 (1973); State v. Edgecombe, La., 275 So.2d 740 (1973).
Hence, this assignment of error is without substance.

ASSIGNMENTS OF ERROR NOS. 8 AND 22
The motion to quash (No. 8) and the motion in arrest of judgment (No. 22) attack the composition of the general venire as unconstitutional in that no women were on the jury venire.
Although Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), held that our former constitutional and statutory provisions exempting women *309 from jury service violated the federal constitution, Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), held that Taylor, as a matter of federal law, was not retroactive. State v. Rester, La., 309 So.2d 321 (1975). Since the jury in the present case was impaneled prior to the decision in Taylor v. Louisiana, supra, that decision is inapplicable here.
The contentions here are without merit.

ASSIGNMENT OF ERROR NO. 9
During the voir dire examination, defense counsel asked the following question of a prospective juror:
"Mr. Entringer, do you believe it would be better, in your opinion, for a crime to go unsolved than to convict an innocent man?"
The State objected to the question, and the trial judge sustained the objection.
In State v. Drumgo, La., 283 So.2d 463 (1973), this Court found a question substantially similar to the one here to be "unobjectionable."
No reversible error was found to exist, however, for the reason that "considerable latitude" was otherwise allowed in the questioning of the prospective jurors.
Article 786 of the Code of Criminal Procedure provides that the scope of the examination of prospective jurors "shall be within the discretion of the court." Unless a clear abuse of that discretion occurs, this Court will not upset the conviction. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972). State v. Coleman, 260 La. 897, 257 So.2d 652 (1972).
The question herea hypothetical onecalled for a prejudgment on a supposed set of facts. It required a selection of the better alternative, i. e., either an unsolved crime or a convicted innocent defendant. There was no abuse of discretion by the trial judge in disallowing such a question. See State v. Corbin, La., 285 So.2d 234 (1973).
Mr. Entringer, the prospective juror, did not serve on the jury here; and the trial judge adequately instructed the jurors of their duty to acquit on a finding that the State had failed to prove its case beyond a reasonable doubt.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 10
This assignment relates to a second question disallowed by the trial judge during voir dire examination:
"Mr. Coller, can you, in considering the testimony of an eye witness to a crime ... to this crime or to any crime, and that eye witness was a stranger to the person who committed the crime, would you consider the fact of how long that person had a chance to look at the defendant?"
We likewise find no abuse of discretion in this ruling. The purpose of the voir dire examination is to determine the qualifications of prospective jurors by testing their competency and impartiality; hypothetical questions, aimed at determining in advance a juror's opinion concerning the weight of certain evidence, are inadmissible. State v. Corbin, supra.

ASSIGNMENTS OF ERROR NOS. 11, 12, AND 13
These alleged errors deal with the curtailment by the court of matters sought to be presented by defendant in his opening statement. Error No. 11 complains of the sustaining of the State's objection to the defense going into possible sentence for the crime charged; No. 12 relates to the refusal of the trial court to allow the defense to go into the State's theory of the case in the opening statement; No. 13 pertains to the failure of the trial court to allow the defense to explain, in its opening *310 statement, whether or not the defendant might take the stand.
When defendant avails himself of the opportunity to make an opening statement under Article 765(4) of the Louisiana Code of Criminal Procedure, he must confine his remarks to the explanation of the nature of the defense and the evidence by which he expects to establish it. State v. Spencer, 257 La. 672, 243 So. 2d 793 (1971). See also State v. Mehan, 262 La. 611, 264 So.2d 581 (1972).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 14
The testimony at trial was to the effect that two robbers had taken part in the commission of the crime. During the cross-examination by the defense of Officer Brady, who exhibited at the scene of the robbery a series of photographs to Dennis Jean, one of the witnesses to the crime, Officer Brady stated that Mr. Jean identified one of the pictures. Defense counsel then asked: "What did he say about the other pictures?" The State's objection to the question as hearsay was sustained and a bill of exceptions was reserved.
The judge's ruling was correct. The hearsay testimony was properly excluded, LSA-R.S. 15:434.

ASSIGNMENT OF ERROR NO. 15
Mr. Jean had testified on cross-examination that the robbery had occurred while he and the victim were in the victim's automobile which was parked parallel to the street in a driveway in front of a used car lot. Mr. Jean stated that: "I don't think there is a curb there." In spite of this answer, defense counsel nevertheless persisted and asked if there was a curb in front of the car lot. The State objected on the ground that the witness had already answered the question. The trial judge sustained the objection and in his Per curiam states that the line of questioning was not relevant to the witness' ability to identify the defendant and was immaterial to the defense of an armed robbery prosecution.
The defense asserts that the questioning was designed to test the witness' memory.
Since the witness had already answered the question, the trial judge did not abuse his discretion in disallowing the question.

ASSIGNMENT OF ERROR NO. 16
On further cross-examination Mr. Jean testified that, of the six photographs exhibited to him, he could only identify the defendant.
Defense counsel then asked:
"Was it your opinion that the other five pictures were of people that you had never seen before? Or, did you recognize somebody in the other picture, not being the armed robber? Sir, I'm asking too many questions. Did you"
The witness answered: "To my knowledge, sir, I had never seen" when he was cut off by State objection to the relevancy of this line of questioning.
The trial judge sustained the State objection; he states in his per curiam:
"The Court finds that the witness' ability to identify other people in the photographs is not sufficiently relevant in this case. The only important relevant matter is the fact that the victim was able to identify the defendant. His ability to identify other pictures has no bearing on his ability to identify the defendant; therefore, this question is not sufficiently relevant. Also, no sufficient prejudice has been caused by this ruling . . ."
In determining the relevancy of evidence, much discretion is afforded *311 the trial judge. LSA-R.S. 15:435; 15:441. State v. Pierre, 261 La. 42, 259 So.2d 6 (1972). Moreover, defense counsel obtained the information sought, the witness having expressed his inability to identify the other photographs.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 17
Defendant contends that he was entitled to production of photographs in the possession of the State. This request for production was made during the testimony of an assistant district attorney, who took the witness stand and gave testimony to the effect that, during this trial, he observed a gentleman in the back of the courtroom believed by him to be one of the perpetrators of this armed robbery. The assistant stated that this information was based upon photographs of the alleged perpetrators of this robbery which were in his possession. Defendant requested an instanter subpoena for the photographs, and the court denied this request. Relying upon language in State v. Lowery, 160 La. 811, 107 So. 583 (1926), defendant claims the denial was reversible error, since the request was a reasonable one and the prosecution could have no legitimate interest in refusing production of these photographs.
The Lowery holding is inapplicable here. There the defendant, on trial for transporting intoxicating liquor, made a Timely pre-trial request to analyze the confiscated liquid. In reversing the conviction, this Court stated that a determination of the nature of the liquid was essential to the defendant's case. See also State v. Migliore, 261 La. 722, 260 So.2d 682 (1972).
The demand here was part of the continuing defense attempt to obtain information concerning the inability of one of the State's witnesses, Dennis Jean, to identify the second robber, who was not on trial and whose identity was not essential in the case. Although defense counsel in oral argument before this Court asserted that the photographs were necessary to effectively cross-examine the witness, we find no support for this argument, nor do we find any prejudice from the failure to deliver the photographs to defense counsel. Denial of the motion for the production of the photographs was within the discretion afforded the trial judge.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 18
A defense witness, Agnes Hall, who testified that she was living with defendant at the time of the commission of the offense, testified that on the night of the armed robbery she was with defendant all night at her home. She remembered that night because her baby had been discharged from Charity Hospital and was supposed to come home that day, but did not arrive until the following day. Defense counsel sought to read from the hospital records the date of the discharge of this child, and the objection of the State was sustained.
The ruling of the trial court that the date of the discharge of the child from the hospital was irrelevant is correct. There was no necessity for corroboration of the date testified to by Agnes Hall, as her testimony regarding this particular fact had not be assailed. See R.S. 15:496.

ASSIGNMENT OF ERROR NO. 19
When the sister of Agnes Hall, Peggy Hall (a defense witness), was testifying on cross-examination, the court allowed the State to ask her the following question:
"Just as a matter of curiosity. If you all were supposed to go pick the babies up on the 15th, how come you didn't?"
Defendant objected on the ground the question was irrelevant and misleading.
Doubt as to the propriety or extent of cross-examination in criminal cases is resolved in favor of the cross-examination.
*312 See State v. Richardson, 258 La. 62, 245 So.2d 357 (1971). The scope and extent of a cross-examination rests largely in the discretion of the trial judge and his ruling in respect thereto will not be disturbed in the absence of an abuse of discretion. State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972).
While the question might be considered irrelevant, it is evident that the defense itself opened the door to the line of questioning concerning the time element of the baby's stay at the hospital. Considering the record as a whole, we are of the opinion that the question and answer were not prejudicial. See LSA-C.Cr.P. Art. 921.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 20
During the closing argument, defense counsel referred to the defendant's criminal record. He stated that defendant had not taken the stand because "we did not wish it [the criminal record] to come out" and he urged the jury not to "let prejudice come in this case."
During rebuttal, the prosecutor then mentioned three prior felony convictions. Defense counsel object, especially to the reference to the third conviction, which he alleged to be non-existent.
The prosecutor then stated: "I'll withdraw the entire record, . . . the entire statements." However, in response to a defense request "to instruct the jury to ignore . . . that last conviction," the trial judge did instruct the jury, saying: "All right. Gentlemen, disabuse your mind from that conviction."
In this assignment, defense counsel asserts that the prosecutor's elaboration of his reference to the defendant's criminal record is reversible error. He bases his argument upon the generally accepted rule that the prior convictions of an accused are inadmissible during his trial unless he takes the stand in his own behalf. LSA-R.S. 15:495; State v. Harper, 260 La. 715, 257 So.2d 381 (1972). However, we do not reach this issue, due to the failure of defense counsel to promptly move for a mistrial under Article 770 of the Louisiana Code of Criminal Procedure, providing in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
Official Revision Comment (b) to the above article provides: "A failure to move for a mistrial is a waiver of the error, since this article requires a motion by the defendant." The defendant cannot be heard to complain when he objects, fails to move for a mistrial, yet requests instructions by the trial judge to counteract any prejudicial effect. Although a mistrial may have been in order here if moved for timely, the error is waived and the defendant is held to have acquiesced in the sufficiency of the requested instructions.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 21
This assignment deals with the refusal of the trial judge to give the special jury charges Nos. 1, 2, and 4 submitted by *313 the defense. Although defense counsel assigns this refusal as error, he fails to specify in any respect the reasons supporting this assignment. Nevertheless, we have reviewed the charges and find them to have been properly excluded under Article 807 of the Louisiana Code of Criminal Procedure.

ASSIGNMENT OF ERROR NO. 22
This assignment of error is made to the overruling of the motion in arrest of judgment. The motion complained of the exclusion of women from the jury and "undue restriction of defendant's voir dire." These issues have already been considered in Assignments of Error Nos. 8, 9, and 10. We do not reach the question of whether or not the motion in arrest of judgment is a proper procedural vehicle to assert the complaints. See LSA-C.Cr.P. Art. 859; State v. Kibby, La., 284 So.2d 196 (1974).

ASSIGNMENT OF ERROR NO. 23
In this assignment the defense counsel complains of the denial of his Motion for a New Trial. He asserts in his brief that the verdict was "contary to law and evidence"a contention presenting nothing for appellate review. State v. Gilbert, La., 286 So.2d 345 (1973). This assignment is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM and DIXON, JJ., dissent.
TATE, J., dissents and assigns reasons.
TATE, Justice (dissenting).
I respectfully dissent. The writer does not believe that the defendant received a fair trial.
In the motion to suppress, cross-examination of the State's identification witnesses was improperly curtailed. Assignments Nos. 3-6. Again, the question propounded on voir dire examination and disallowed by Assignment No. 8 has previously been held properyet once again voir dire examination has been curtailed by sustaining State objection to this type of question. At the trial, cross-examination of State witnesses by the defense was improperly curtailed. Assignments Nos. 14-18. In gross derogation of the defendant's rights, the prosecutor read to the jury an arrest and conviction record which were not in evidence. Assignment No. 20.
Further, while defense attorney's statements to the jury were limited, Assignments Nos. 11-13, the State's attorney was allowed free rein in his argument to the jury. Assignment No. 20. While defense questioning of its own witnesses was limited, Assignment No. 18, the State's examination of the same witness on the same subject matter was permitted despite its irrelevancy, Assignment No. 19.
These errors and rulings, many of which may not have been in themselves reversible, in the writer's belief taints this conviction by their cumulative effect of denying the accused a fair trial.
I respectfully dissent.