346 So.2d 694 (1977)
STATE of Louisiana
v.
Walter GEORGE.
No. 59047.
Supreme Court of Louisiana.
May 16, 1977.
*698 A. Deutsche O'Neal, Sr., O'Neal & Ryan, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Walter George was indicted by the grand jury for the Parish of Terrebonne for having committed second degree murder in violation of La.R.S. 14:30.1. After trial by jury, defendant was found guilty as charged and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence for a period of twenty years. On appeal, defendant relies on thirty assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in sustaining the state's challenge for cause of prospective juror Junius Prosperie.
During voir dire examination, Mr. Prosperie testified that he frequented the bar where the offense was committed and knew many of the people who would be testifying at the trial. He further stated that he would fear repercussions from them if he returned a verdict of guilty and indicated that they might "[p]ut me out of the way, you know." The trial judge excused the prospective juror for cause with the following comment:
The court finds that Mr. Junius Prosperie, because of the proximity to the people and place, he in all probability would not be able to give an unbiased, and reach a decision in an unbiased fashion.. . .
La.Code Crim.P., art. 797 provides that the state or defendant may challenge a juror for cause on the ground that "the juror is not impartial, whatever the cause of his partiality." This court has consistently held that the trial judge is vested with wide discretion in determining the qualifications of jurors to serve at a trial. Absent a clear showing of abuse of discretion, the trial judge's ruling should not be disturbed on appeal. State v. Jones, 315 So.2d 650 (La.1975). In view of the testimony of Junius Prosperie on voir dire examination, we are satisfied that the trial judge did not abuse his discretion in sustaining the state's challenge for cause of this prospective juror.
Furthermore, the record reveals that the state used only seven of the twelve peremptory challenges allowed by law under the provisions of La.Code Crim.P. art. 799. Hence, even had we determined that the trial judge improperly sustained the state's challenge, defendant would be entitled to no relief. It is well settled that the erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law. La.Code Crim.P. art. 800; State v. Ross, 343 So.2d 722 (La.1977); State v. Skelton, 340 So.2d 256 (La.1976); State v. Michel, 225 La. 1040, 74 So.2d 207 (1954).
Assignment of Error No. 2 has no merit.

*699 ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in granting the state's request for sequestration of witnesses, which request was made after the jurors were selected and sworn but prior to the reading of the charge against the defendant, the opening statements and the calling of the first witness. Defendant argues that the state's request for an order of sequestration came too late. He contends that it was improper to sequester the witnesses after they had been present and heard some of the details of the case during voir dire examination of the prospective jurors.
La.Code Crim.P. art. 764 directs in relevant part:
. . . [U]pon request of the state or the defendant the court shall order that the witnesses be excluded from the courtroom. . . . The court may modify its order in the interest of justice. (Emphasis added.)
In State v. Simpson, 259 La. 94, 249 So.2d 536 (1971), we recognized that La.Code Crim.P., art. 764 does not specify that a request for sequestration of witnesses must be made at any specific time during the course of the trial. More particularly, we noted that the article does not indicate that the request be made at the outset of the trial. We held that it suffices that the request for sequestration be made "at any time during the taking of evidence." Accordingly, we conclude that the state's request for an order of sequestration was timely made in accordance with La.Code Crim.P. art. 764 and the jurisprudence of this court.
Under La.Code Crim.P. art. 764, the trial judge has no discretion when an order of sequestration is requested either by the state or the defendant. He must grant the order subject only to his power to modify it at the time it is granted or thereafter "in the interest of justice." State v. Simpson, supra. In the instant case, defendant could have requested an order of sequestration at the commencement of voir dire examination. Having failed to do so, he is not in a position to complain concerning what witnesses may have heard during the examination of prospective jurors or to insist that the state not exercise its right to request a sequestration order at a later time.
Assignment of Error No. 3 lacks merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in sustaining the state's objection to the following question propounded to state witness Joseph Moses during defense cross-examination:
Mr. Moses, knowing the people down there like you do, knowing this man like you do, and knowing the people, I will ask you this question. From the viewpoint of what the people down in that area think of this man, what is his general reputation?
The state objected to the question on the ground that defendant had failed to lay a proper predicate for the introduction of character evidence.
La.R.S. 15:479 provides:
Character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him. (Emphasis added.)
In order to elicit positive statements concerning a defendant's character, a foundation must first be laid demonstrating that the character witness is aware of defendant's reputation for character among his neighbors. State v. Nix, 327 So.2d 301 (La. 1975); State v. Muse, 319 So.2d 920 (La. 1975). In sustaining the state's objection to the insufficiency of the predicate in the instant case, the trial judge correctly observed that, although the witness had testified that he was acquainted with defendant and defendant's neighbors, he had not indicated that he had ever discussed defendant's character with them or that he was otherwise aware of defendant's reputation among his neighbors. Accordingly, the trial judge properly sustained the state's objection to permitting a witness to testify concerning defendant's character without first establishing a proper foundation for that *700 testimony as required in La.R.S. 15:479. In any event, the record reveals that an adequate foundation was subsequently laid. The witness testified that he had discussed defendant's reputation with his neighbors and that defendant had a reputation for being a nice, quiet peaceful fellow. Hence, defendant was successful in securing the desired character evidence.
Assignment of Error No. 4 lacks merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 6
Defendant contends the trial judge erred in sustaining state objections to the following defense questions asked to state witness Joseph Moses during cross-examination:
Let me ask you this. Being as well acquainted as you are in that neighborhood down there, have you all had some pretty rough instances where people would pass by and shoot guns out of cars?
Can you tell me whether or not at your bar when people drive up there, they leave things in their car? Whether or not there is a considerable amount of taking things out of cars?
Defendant contends that the answers to these questions would have explained defendant's possession of the murder weapon at the time the offense was committed. He argues that the evidence sought to be elicited would have shown that defendant was justified in carrying a pistol in his car for protection and in removing it from the car when he entered the bar where the murder was committed in order to prevent its being stolen. The state objected to the first question as being irrelevant, and the trial judge sustained the objection. The record suggests that the second question was also disallowed on the basis of relevancy.
La.R.S. 15:441 provides in pertinent part:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. (Emphasis added.)
This court has consistently held that the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Owens, 301 So.2d 591 (La.1974); State v. Ackal, 290 So.2d 882 (La.1974). Whatever defendant's reasons may have been for possessing a firearm prior to the date of the offense, neither defendant's commission of the offense nor the requisite intent would have been negatived by testimony of shooting incidents from passing cars or of the practice of persons other than the defendant of removing articles from automobiles to avoid theft. Accordingly, the trial judge did not abuse his discretion in sustaining the state's objections to the above questions on the ground that they were irrelevant.
Assignments of Error Nos. 5 and 6 are without merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
Defendant contends the trial judge erred in sustaining on two occasions state objections to defense questions concerning defendant's character.
During cross-examination of state witness David Warren, defense counsel asked whether Warren had heard defendant discussed among his neighbors. The witness responded: "I never heard nobody say nothing about him." When asked to clarify that remark, the witness reiterated: ". . . not whether he was good or bad, nobody didn't say. . . . I never heard nobody discuss him in no kind of way. . . ." Defense counsel then asked:
All that time you never heard anything bad about him?
The state objected to the form of this question which asked specifically whether the witness had heard anything bad about the defendant.
At the time the disputed question was propounded, the witness had already testified that he had never heard anything good or bad about defendant's character. Hence, any further testimony on this point would *701 have been entirely repetitive. Moreover, any arguable error in the ruling of the trial judge was cured when the witness stated in response to a later defense question: "I never heard anybody say anything bad about him." Accordingly, we conclude that defendant suffered no prejudice whatsoever from the ruling of the trial judge sustaining the state's objection in this instance.
On the second occasion complained of by defendant, the trial judge sustained a state objection to the following question:
Now I ask you this question. If you are that well acquainted with this man, then can you answer the question as to whether the general reputation is good or bad, as to being a quiet, peaceful and law abiding citizen in that community?
La.R.S. 15:479 expresses the general rule that character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him. We have held that the fact that the reputation of an accused has never been discussed in the community in which he lives is admissible as evidence of good character. State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Pace, 183 La. 838, 165 So. 6 (1936); State v. Ciaccio, 163 La. 563, 112 So. 486 (1927). However, a witness is not in a position to testify affirmatively to the reputation of an accused unless he had heard it discussed. State v. Howard, 230 La. 327, 88 So.2d 387 (1956); State v. Warren, 138 La. 361, 70 So. 326 (1915).
In the instant case, the witness had already testified that he had never heard any discussion of defendant's reputation. Therefore, the trial judge was correct in sustaining the state's objection to an affirmative statement by the witness concerning defendant's general reputation.
Assignments of Error Nos. 7 and 8 lack merit.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in denying his motion for a mistrial based on alleged leading questions propounded to state witness Isaac Griffin.
On direct examination by the state, the witness had already testified that he was present when defendant walked up to a card table, stated "my wife told me what you said" and then pulled a gun out from inside his shirt and shot the victim (Russell Payne). During further questioning by the state, the following colloquy took place:
Q. Was it a matter of minutes, or was it a matter of seconds, or a matter of hours?
A. I don't understand what you mean. What you mean, after he stated that he heard what his wife said? I say about a second afterwards.
Q. About a second afterwards, he shot Russell Payne?
A. Yes.
At this point, defendant objected that the state was leading its own witness and moved for a mistrial. The trial judge denied the motion.
La.R.S. 15:277 defines a leading question as "one which suggests to the witness the answer he is to deliver" and prohibits asking such a question of one's own witness. State v. Johnson, 343 So.2d 155 (La.1977). We are satisfied that the first state question merely apprised the witness of the nature of the state's inquiry. It did not suggest the answer to be given. The second state question was no more than an attempt to substantiate the witness' response to the previous question. It is not a leading question to ask a witness what he said previously. State v. Shepherd, 332 So.2d 228 (La.1976); State v. White, 254 La. 389, 223 So.2d 843 (1969). Accordingly, the trial judge did not err in overruling defendant's objection to the state's questions and in denying his motion for a mistrial.
Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in sustaining the state's objection to a defense question on the ground that it called for an opinion and/or conclusion on the part of the witness.
*702 The thrust of the accused's defense to the charge of second degree murder was that he accidentally shot the victim as he was attempting to use his gun as a bludgeon to hit the victim. During both direct and cross-examination, state witness Bernard Flemming testified that he saw defendant swing a gun toward the victim. On cross-examination, defendant asked Flemming the following question:
Did he swing it like he was going to hit, or swing it like he was going to pull a trigger?
The trial judge sustained the state's objection that the question called for an opinion.
Since specific intent to kill or to inflict great bodily harm was an essential element of the state's case,[2] the absence of that intent constituted an available defense. A showing that the force applied to the person of the victim was accidental was relevant. La.R.S. 14:10(1); 14:30.1(1). However, it was necessary to make this showing through the introduction of competent evidence. La.R.S. 15:463 directs:
Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.
This court has consistently held that, with rare exception, a witness can testify only as to facts within his knowledge. He may not testify as to an impression he may have. State v. Kirklin, 283 So.2d 713 (La.1973); State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972). While we have also recognized that a witness may properly state a natural inference from something he has observed, this exception to the general rule announced in La.R.S. 15:463 applies only as to subjects regarding which any person of experience might make an inference and only when the witness states all the basic facts upon which the inference is based. State v. Roche, 341 So.2d 348 (La.1976); State v. Clark, 340 So.2d 1302 (La.1976); State v. Prater, 337 So.2d 1107 (La.1976); State v. Rogers, 324 So.2d 403 (La.1975); State v. Davalie, 313 So.2d 587 (La.1975); State v. Lewis, 288 So.2d 324 (La.1974).
In our view, the thrust of the question propounded in the instant case was to call for a speculative opinion from the witness as to defendant's intentions as he swung the murder weapon. Inasmuch as the question sought to elicit an uncommunicated intent of another, it did not call for the type of natural inference appropriately drawn from observation. Accordingly, the opinion testimony given in response to the disputed question would have been incompetent under La.R.S. 15:463. State v. Kirklin, supra. The trial judge properly sustained the state's objection to defendant's question.
In any event, state witness Bernard Flemming fully described defendant's conduct in swinging the murder weapon. Hence, even if the question were considered to be technically proper, any error in sustaining the state's objection to the question was harmless, since the jury was provided with sufficient evidence to reach its own conclusion with respect to defendant's subjective intent.
Assignment of Error No. 10 is without merit.

ASSIGNMENTS OF ERROR NOS. 11, 12, 13, 14, 15, 16 AND 17
Defendant contends the trial judge erred in overruling his objection to introducing into evidence seven black and white photographs depicting the victim at the scene of the crime. He argues that the photographic evidence was unnecessary and inflammatory inasmuch as the content of the photographs had already been established by the uncontradicted testimony of previous state witnesses.
It is well established that the test of admissibility of allegedly gruesome photographs is whether their probative value *703 outweighs the possible prejudice that may result from their display to the jury. State v. Williams, No. 58,679, 343 So.2d 1026 (La., 1977); State v. Cooper, 334 So.2d 211 (La.1976); State v. Smith, 327 So.2d 355 (La.1975). Generally, photographs are admissible which illustrate any fact or which shed light on an issue, or are relevant to describe the person, place or thing involved. State v. Hollingsworth, 337 So.2d 461 (La. 1976). More particularly, photographs of the body of a deceased victim depicting fatal wounds have generally been held relevant to prove the corpus delicti; to corroborate other evidence of the manner in which death occurred; to establish the location, severity and number of wounds; and to establish the identity of the victim. State v. Cooper, supra; State v. Beach, 320 So.2d 142 (La.1975).
After examining the photographs in question, we do not consider that they are especially gruesome. Moreover, they were relevant to demonstrate the physical layout of the murder scene. The position of the victim, the angle from which he was shot and the fact that he had no weapon in his hands. Since the probative value of the photographs outweighs any possible prejudicial effect, the trial judge did not err in admitting them in evidence.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 18
Defendant contends the trial judge erred in denying his motion for a directed verdict made at the close of the state's case on the basis that the state had introduced no evidence of an essential element of the crime, i. e., specific intent.
This matter was tried on October 8-9, 1975. La.Code Crim.P. art. 778 was amended by Act No. 527, § 1 of 1975, effective September 12, 1975, to eliminate the authority of the trial judge to direct a verdict of not guilty in a jury trial. This amendment being procedural in nature is applicable to this trial which was held after the amendment's effective date. State v. Clark, 340 So.2d 208 (La.1976); State v. Marmillion, 339 So.2d 788 (La.1976). Accordingly, the trial judge had no authority to grant defendant's motion for a directed verdict.
Assignment of Error No. 18 lacks merit.

ASSIGNMENT OF ERROR NO. 19
Defendant contends the trial judge erred in permitting the state to ask defendant the following question during cross-examination:
Didn't he throw his hands up after you pointed the gun at him?
At trial, defendant argued that this question was improper in that defendant had not testified that he pointed the gun at the victim but rather that he had swung it in his direction. The state contends that the disputed question was proper cross-examination, arguing that, since it had been established that a bullet from defendant's gun struck the victim, it was appropriate to infer that the gun was pointed at the victim when fired.
In overruling defendant's objection to the state's question, the trial judge made the following observation:
In the interest of saving time we understand that there is a difference of point of view on this as to what happened. I am not going to comment, on the evidence, but I am going to allow the question, subject to that objection, in the interest of getting through this.
When the disputed question was posed to defendant for a second time, he responded:
"I don't know."
La.R.S. 15:280 provides that when a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case. When a defendant takes the stand in his own behalf, he waives his protection against self-incrimination and is subject to cross-examination just as any other witness. State v. Shelby, 308 So.2d 279 (La.1975); State v. Jones, 284 So.2d 570 (La.1973). We have held that it is permissible for a prosecutor to draw reasonable inferences from other *704 evidence during the questioning of a witness. A considerable latitude is allowed the prosecutor in commenting on the evidence, especially by way of interrogation on cross-examination. State v. O'Conner, 320 So.2d 188 (La.1975). Doubt as to the propriety or extent of cross-examination is resolved in favor of cross-examination. State v. Nero, 319 So.2d 303 (La.1975). Furthermore, it is well settled that the scope and extent of cross-examination rests largely in the discretion of the trial judge and his rulings in respect thereto will not be disturbed in the absence of an abuse of discretion. State v. Nero, supra; State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972).
In our view, the state question objected to by defendant was based on a reasonable inference drawn from evidence already in the record. We are unable to say that the trial judge abused his discretion in overruling defendant's objection. In any event, in view of defendant's answer when the disputed question was again posed to him, we are satisfied that the question and answer were not prejudicial.
On appeal, defendant additionally suggests that the trial judge erred in allowing argument on the disputed question and in making his ruling thereon in the presence of the jury. However, the record reveals that defendant did not make a motion for a mistrial nor did he request an admonition to the jury. No objection to the alleged error was made at the time of its occurrence. It is well settled that in the absence of a contemporaneous objection, an alleged error or irregularity in the proceedings cannot be availed of after verdict. La.Code Crim.P. art. 841; State v. Williams, No. 58,679, 343 So.2d 1026 (La.1977); State v. Finley, 341 So.2d 381 (La.1976); State v. Phanor, 325 So.2d 579 (La.1976); State v. Burgy, 320 So.2d 175 (La.1975).
Assignment of Error No. 19 lacks merit.

ASSIGNMENT OF ERROR NO. 20
Defendant contends the trial judge erred in overruling his objection to a portion of the judge's general charge to the jury.
The judge instructed the jury as follows:
There are legal presumptions. A legal presumption relieves him in whose favor it exists from the necessity of any proof, but may none the less be destroyed by rebutting evidence.
A legal presumption of innocence is in favor of the defendant.
The trial judge then continued to instruct the jurors that:
Another legal presumption is that the defendant intended the natural and probable consequences of his act. This is a presumption in favor of the state.
It is this last paragraph which defendant contends was improperly included in the general charge to the jury. The disputed portion of the charge is found in La.R.S. 15:432. Defendant contends that the reference to a presumption that a defendant intends the natural and probable consequences of his acts had the effect of relieving the state from its burden of proving an essential element of its case, i. e., specific intent.
It is generally recognized that a judge's charge must be considered as a whole, and particular expressions construed with reference to the context. The ruling of a trial judge on an objection to a portion of his charge will not be disturbed unless the disputed portion, when considered in connection with the remainder of the charge, is shown to be erroneous and prejudicial. State v. Walker, 204 La. 523, 15 So.2d 874 (1943); State v. Davis, 154 La. 295, 97 So. 449 (1923). More particularly, we have recently held that, where a general intent charge was given in a case requiring proof of specific intent, the erroneous inclusion of such an instruction was harmless error under the facts of that case where specific intent was also charged and where the full general charge fairly informed the jury of the requisite intent to be proved by the state. State v. Anderson, on rehearing, 343 So.2d 135 (La.1977).
In the instant case, the state relied in its prosecution of defendant on that portion of La.R.S. 14:30.1 which provides that *705 second degree murder is the killing of a human being "when the offender has a specific intent to kill or to inflict great bodily harm." Specific intent was therefore an essential element of the state's proof of guilt under La.R.S. 14:30.1(1). The trial judge read the second degree murder statute to the jury as part of his general charge. In addition, he instructed the jury relative to specific intent, its formation, and its proof by surrounding circumstances. On the other hand, the portion of the judge's charge to which defendant objects was general in nature and preceded that portion of the charge dealing with the particular crime charged and the requisite specific intent.
While the portion of the general charge taken from La.R.S. 15:432 might arguably be construed as relieving the state from its burden of proving specific intent, we are unable to say, under the particular facts and circumstances of this case, that the charge taken as a whole created any confusion in the minds of the jurors as to the requirement that the state prove specific intent.
Assignment of Error No. 20 is without merit.

ASSIGNMENTS OF ERROR NOS. 21, 22, 23 AND 26
Defendant contends the trial judge erred in overruling objections to portions of the judge's general charge to the jury and in refusing a requested special charge which would have negatived the disputed portions of the general charge.
In Assignments of Error Nos. 21 and 22, defendant argues that it was improper for the trial judge to refer to specific intent to inflict "great bodily harm" and "serious bodily injury" in his general charge to the jury. In Assignment of Error No. 23, defendant contends that it was error for the trial judge to instruct the jury relative to how specific intent to inflict great bodily harm may manifest itself. The trial judge is claimed to have erred in these respects because the state by failing to refer to specific intent to inflict great bodily harm in its opening statement had thereby limited itself to proving that defendant intended to kill the victim.
La.Code Crim.P. art. 766 provides:
The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge.
La.Code Crim.P. art. 769 directs:
Evidence not fairly within the scope of the opening statement of the state shall not be admitted into evidence.
If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense.
It is well settled that the state need not give in minute detail all evidence by which it intends to prove its case. State v. Kinchen, 342 So.2d 174 (La.1977); State v. Sneed, 316 So.2d 372 (La.1975); State v. Roquemore, 292 So.2d 204 (La.1974). We have held that evidence not specifically referred to in an opening statement but which by implication can be considered within the scope of the opening statement is admissible. State v. Fields, 342 So.2d 624 (La.1977).
The record in the instant case reveals that, during the state's brief opening statement, the district attorney informed the jury that defendant was charged with second degree murder and read the applicable statute which includes the phrase "specific intent to kill or to inflict great bodily harm." The prosecutor further advised the jury that the state would prove that defendant did intentionally "shoot and kill" the victim. In our view, this remark did not limit the state to proving that defendant specifically intended to "kill" defendant rather than to inflict great bodily harm. Evidence from which the jury could infer specific intent to inflict great bodily harm was fairly within the scope of the opening statement.
*706 In any event, defendant at no time objected to the introduction of such evidence during trial. Moreover, defendant does not claim that he was surprised or prejudiced in the preparation of his defense. Thus, even if evidence of specific intent to inflict great bodily harm were not considered implicit in the state's opening statement, the evidence was nonetheless admissible in the discretion of the trial judge under La.Code Crim.P. art. 769. Since such evidence was properly admitted, the trial judge did not err in charging the jury with respect to specific intent to inflict great bodily harm or serious bodily injury and in overruling defendant's objections to the charge.
In Assignment of Error No. 26, defendant complains that the trial judge refused to give a requested special charge to the effect that the state's opening statement limited it to proof of an intentional shooting and that failure to prove same should result in a verdict for defendant. It is well established that a trial judge is required to give a requested special charge only when the charge is wholly correct and pertinent. La.Code Crim.P. art. 807; State v. James, 339 So.2d 741 (La.1976); State v. Miller, 338 So.2d 678 (La.1976). We have already determined in our treatment of Assignments of Error Nos. 21, 22 and 23 that the state's opening statement did not preclude evidence of specific intent to inflict great bodily harm, which evidence was admitted without objection by defendant. Accordingly, the trial judge did not err in refusing to give the requested special charge.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 24 AND 25
Defendant contends the trial judge erred in refusing to give two special requested charges to the jury dealing with the admissibility and weight of character evidence. Requested special charge No. 1 would have instructed the jury that "the best evidence of good reputation is where a witness testified that he has never heard it discussed, questioned, or talked about." The second requested charge was simply an instruction that character evidence is admissible and should be considered by the jury.
La.Code Crim.P. art. 807 provides in pertinent part:
A requested special charge shall be given by the court if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
With respect to the first special charge requested by defendant, this court has held that, although it is admissible character evidence to show that a defendant's reputation has never been discussed, a charge to the effect that such negative evidence is often of the "highest value" is not wholly correct inasmuch as there is no law to that effect. State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Leming, 217 La. 257, 46 So.2d 262 (1950). Moreover, such a charge is additionally improper in that it might be considered as a comment on the evidence by the judge, which is prohibited by La.Code Crim.P. art. 806. Accordingly, defendant's first requested special charge that the absence of discussion of defendant's reputation constitutes the "best evidence" of his character was not wholly correct and was properly refused by the trial judge.
Defendant's second requested special charge was also properly refused by the trial judge. The record reflects that the law relative to the admissibility of character evidence was adequately explained in the general charge to the jury. It is well settled that special charges need not be given if fairly and accurately included in the judge's general charge. La.Code Crim.P. art. 807; State v. Singleton, 321 So.2d 509 (La.1975).
Assignments of Error Nos. 24 and 25 are without merit.

ASSIGNMENTS OF ERROR NOS. 27, 28 AND 29
Defendant contends that the trial judge erred in refusing to give the following requested *707 special charges relative to specific intent:
Requested Special Charge No. 4:
When applied to the present case, I charge you that in order for this defendant to be found by you to have specific intent to kill, it is necessary for the State to prove that the defendant `actively desired' to kill the decedent.
Requested Special Charge No. 5:
I charge you that under this statute when referring to specific intent, this means that the offender must be found to have subjectively desired the prohibited result.
Requested Special Charge No. 6:
I charge the jury that the phraseology `specific intent' is synonymous with `subjectively desired' and also `actively desired.'
Inasmuch as it referred to specific intent to kill and neglected to state the full phraseology of the second degree murder statute which includes specific intent to inflict great bodily harm, Requested Special Charge No. 4 would have required further explanation. It is well settled that a requested special charge need not be given unless it is wholly correct and pertinent and does not require qualification, limitation or explanation.
Requested Special Charges Nos. 5 and 6 were also properly refused by the trial judge. The record reflects that the general charge to the jury adequately covered the applicable law concerning specific intent. La.Code Crim.P. art. 807 provides that requested special charges need not be given if included in the general charge.
Assignments of Error Nos. 27, 28 and 29 lack merit.

ASSIGNMENT OF ERROR NO. 30
Defendant contends the trial judge erred in failing to give the following special requested charge:
Where specific intent is an element of a crime, the specific intent must be proved as an independent fact and cannot be presumed from the commission of an unlawful act. (Emphasis added.)
La.R.S. 15:445 provides that, although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the transaction. Hence defendant's requested special charge was not wholly correct insofar as it would have instructed the jury that specific intent must be proven as a fact. Defendant's charge would have required qualification, limitation or explanation. La.Code Crim.P. art. 807 provides that a trial judge need not give a requested special charge under these circumstances. Accordingly, the trial judge did not err in refusing defendant's requested special charge relative to the method of proving specific intent.
Assignment of Error No. 30 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs, disagreeing with the treatment of assignments 10, 24 and 25.
DENNIS, J., concurs in the decree.
NOTES
[1] Assignment of Error No. 1 has been specifically abandoned in brief to this court.
[2] The state did not attempt to show that defendant committed the offense while engaged in the perpetration or attempted perpetration of any felony enumerated in La.R.S. 14:30.1(2).