PONDER, Judge.
Plaintiff appealed the dismissal of her medical malpractice action.
The issue is lack of informed consent.
We affirm.
The Iberia Parish Health Unit gave employees of a New Iberia public school, where plaintiff was employed as a cook in the cafeteria, skin tests for tuberculosis in March of 1973. Plaintiffs test was positive, but a subsequent chest x-ray was negative. As a preventative treatment, Dr. George V. Gardiner, of the health unit, prescribed the drug isoniazid hydrazide or INH, which plaintiff began taking sometime in early April, 1973.
At the end of May or beginning of June, 1973, plaintiff called the parish health unit complaining of nausea and vomiting. She was instructed to stop taking the INH and to call back in ten days. At about the same time, plaintiff called her own physician, Dr. Gerald Elias, who also told plaintiff to quit the medication. On June 7, 1973, Dr. Elias discovered plaintiff was jaundiced and admitted her to Iberia General Hospital. She was diagnosed as having hepatitis, secondary to the INH medication. Plaintiff was discharged from the hospital on June 22, 1973.
Plaintiff’s suit for damages against the State of Louisiana, through the Department of Health and Human Resources, alleges that the medical, personnel of the Iberia Parish Health Unit, employed by the defendant, were negligent in prescribing the drug INH to plaintiff without warning her of the risks, including the possibility of contracting hepatitis.
The trial judge found that plaintiff failed to meet her burden of proof in a medical *1074 malpractice action under LSA-R.S. 9:2794,[1] in that she failed to prove that the medical personnel either lacked the degree of knowledge or skill possessed by others similarly situated or did not use reasonable care and diligence in dispensing the drug INH to the plaintiff and that she suffered injuries that would not have otherwise occurred, but for the alleged negligence of defendant’s employees.
Plaintiff testified that a nurse gave her INH pills but no warnings. Defendant’s witnesses all testified that in 1973 it was normal procedure for a public health nurse to dispense the medication, tell the patient of its side effects, and instruct the patient to call the clinic should symptoms develop. The nurse who dispensed the drug to plaintiff could not recall, eight years later, whether she specifically told plaintiff of the side effects of INH. The record indicated, however, that Dr. Gardiner’s findings were explained to plaintiff.
Dr. Dwight S. Danburg, an expert in the field of pulmonary disease, testified that the drug INH, used both as an active and a prophylactic treatment, was one of the most effective and inexpensive medications for the treatment of tuberculosis. The two most common reactions to the drug are considered to be hepatitis and allergic dermatitis.
Dr. Geroge V. Gardiner, head of the chest clinic of the Iberia Parish Health Unit in March and April, 1973, stated in his deposition that he examined plaintiff’s medical records and chest x-rays but not plaintiff personally. Plaintiff’s skin test was positive, but her chest x-ray was negative. The previous year, her skin test had been negative. Therefore, plaintiff had become infected with tuberculin bacilli sometime within the past year. He prescribed the INH as a prophylactic measure. Dr. Gard-iner attested to the few reactions to INH he had encountered.
Thus, the decision to give plaintiff the INH medication was governed by the fact she had a positive tuberculin test and that she was in a position to infect other individuals, particularly children.
Plaintiff must show that had she been informed of the risk, she would not have submitted to the treatment. Percle v. St. Paul Fire & Marine Insurance Company, 349 So.2d 1289 (La.App. 1st Cir.), writ denied, 350 So.2d 1218 (La.1977).
The test used to determine causation is what a prudent person in plaintiff’s position would have decided if adequately informed. *1075 Percle v. St. Paul Fire & Marine Insurance Company, supra.
We find that a reasonable person would have consented to the INH treatment even with knowledge of the risk of hepatitis. Weighing the risk of hepatitis against the possibility of tuberculosis, we believe a prudent individual, aware of such a risk, would have submitted to the treatment.
For the above reasons, the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.

. LSA-R.S. 9:2794:
A.In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., or a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
B. Any party to the action will have the right to subpoena any physician or dentist either for a deposition and/or testimony for trial to establish the degree of knowledge or skill possessed or degree of care ordinarily exercised as described above without obtaining the consent of the physician or dentist who is going to be subpoenaed. The fee of the physician or dentist called for deposition and/or testimony under this Section will be set by the court.
C. In medical malpractice actions the jury shall be instructed that the plaintiff has the burden of proving, by a preponderance of the evidence, the negligence of the physician or dentist. The jury shall be further instructed that injury alone does not raise a presumption of the physician’s or dentist’s negligence. The provisions of this Section shall not apply to situations where the doctrine of res ipsa loqui-tur is found by the court to be applicable.
In Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La.1978), the Supreme Court held that the statute should be applied retroactively.