BYRNES, Judge.
Defendant-appellants, Phillip Haynes and Michael Adams, were charged by bill of information with simple robbery, a violation of LSA-R.S. 14:65. Both defendants were found guilty as charged and sentenced to seven years at hard labor. These appeals followed.
FACTS
On July 8, 1983, at approximately 2:00 a.m., two assailants grabbed Mr. Clarence Barber around his neck as he was leaving the Boondock Lounge on Bienville Street in New Orleans. They punched him twice in the stomach and proceeded to steal his watch, a gold chain, and money. Mr. Barber was able to see both of his attackers.
Shortly thereafter, Mr. Barber flagged down a police car, reported the robbery and gave a description of the perpetrators. His account of the robbery and description of the suspects was then broadcast on the police radio. Two officers heard the call and spotted the defendants, who matched the radio description, at Esplanade Avenue and Burgundy Street. The officers detained them, searched the area, and recovered the victim’s watch. Mr. Barber was brought to the scene where he positively identified both defendants as the perpetrators of the robbery.
HAYNES
Defendant Haynes filed no formal assignments of error in the trial court. However, in brief to this court, he requests that we review the record for errors patent. We have done so and find no errors. Haynes’ conviction and sentence are therefore affirmed.
ADAMS
Defendant Adams specifies three assignments for review:
1). The trial court erred in limiting cross examination by the defense;
2). The sentence imposed was excessive; and
3). The trial court penalized him for allegedly committing perjury on the stand by imposing the maximum sentence.
LIMITING CROSS EXAMINATION
In this assignment, appellant contends that by improperly limiting the defense’s cross examination of Mr. Barber, the trial court denied him the right to effective cross examination.
LSA-R.S. 15:441 states:
Relevant evidence is that tending to, show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
The trial court is vested with much discretion in determining what evidence is relevant, and its determination will not be reversed absent an abuse of that discretion. State v. Allen, 440 So.2d 1330 (La.1983).
In this case, the defense attorney was questioning the victim regarding his sister’s employment. The prosecution objected, and a bench conference was held off the record. Following this conference, the court found that the testimony sought was immaterial and irrelevant. The record does *300 not reflect for what purpose this testimony was sought, and the defense did not proffer it. On the basis of such a record, we cannot say that the trial court abused its much discretion in limiting cross examination.
THE SENTENCE
By appellant’s second and third assignments of error he contends that the trial court’s sentence was excessive because it improperly penalized him for allegedly committing penury.
A sentence may be excessive even though it is within statutory limits. State v. Nealy, 450 So.2d 634 (La.1984). A sentence is considered excessive if it is grossly out of proportion to the crime or if its primary purpose is the unnecessary imposition of pain and suffering. State v. Telsee, 425 So.2d 1251 (La.1983). Generally, the most severe sentences are reserved for the most serious offenders. State v. Telsee, supra.
In reviewing a sentence, we must determine if the trial judge adequately considered the sentencing guidelines as set forth in C.Cr.P. Article 894.1. The judge must consider aggravating and mitigating circumstances, and state the factual basis for his conclusions. State v. Davis, 449 So.2d 452 (La.1984); State v. Soco, 441 So.2d 719 (La.1983). Finally, the trial court should not impose sentence based on his belief that the defendant committed perjury on the stand. State v. Smith, 407 So.2d 652 (La.1981). In State v. Soco, supra, the court stated:
In his reasons for sentence, the judge below recited only that defendant committed perjury and thereby showed no intent to rehabilitate. The defendant’s credibility is not necessarily a relevant factor for determining the proper sentence (State v. Smith, 407 So.2d 652, 657 (La.1981) and certainly not sufficient to justify the maximum sentence. The record fails to disclose whether the judge considered the guidelines with regard to the mitigating factors. 441 So.2d at 720.
In this case, the trial judge imposed the maximum sentence for the following reasons:
The court has considered all of the alternatives in this matter, and has come to one conclusion, that there is an undue risk that during a period of a suspended sentence or probation, you would commit another crime. The court feels that you are in need of correctional treatment in a custodial environment, and this can best be provided by committing you to an institution. A lesser sentence than I’m about to give you would deprecate the seriousness of your crime. This court finds you have absolute disregard for law and order. You testified in this case under oath, and committed perjury right in the presence of the court, and of course, I can’t tolerate that, nor can any other judge tolerate it, nor should any judge tolerate it. Your utter disregard of law and order is shown by your committing perjury in open court. And, like I say, I have considered all the other alternatives, and finds that you are not entitled to any consideration whatever. (Sentencing Tr-5) (Emphasis added)
'No mention was made of mitigating circumstances, such as the defendant’s lack of prior felony convictions. Moreover, his reasons show that the judge based his decision to give the maximum sentence at least in part on his own opinion that appellant committed perjury at trial. Under these circumstances we find that the trial judge failed to follow the guidelines of C.Cr.P. 894.1 in imposing sentence.
For the foregoing reasons, Adam’s conviction is affirmed, but his sentence is set aside and remanded to the District Court for resentencing in accordance with this opinion. The conviction and sentence of Phillip Haynes are affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.