PRESTON H. HUFFT, Judge Pro Tern.
STATEMENT OF THE CASE:
On August 23, 1977, the defendant was indicted by a grand jury for aggravated rape, a violation of R.S. 14:42.[1] The defendant was arraigned on September 9, 1977, and pled not guilty. The defendant went to trial on January 19-20, 1978 and was found guilty. However, this conviction was reversed by the Louisiana Supreme Court in State v. Walker, 376 So.2d 92 (La.1979). The defendant was re-arraigned on December 14, 1979 and he again pled not guilty. On October 22-23, 1980 the defendant was tried and found guilty as charged by a twelve person jury. On November 14, 1980, the defendant was sentenced to fifty years in custody of the Louisiana Department of Corrections. The defendant’s motion for an out-of-time appeal was granted.
A review of the record reveals that there are no errors patent.
Assignment of Error Number Two[2]
By his second assignment of error, the defendant alleges that the trial court erred when it allowed the State’s expert witness on fingerprint lifting, Officer Bowman, to testify as to whether it was uncommon to find only unidentifiable smudges when lifting fingerprints. The defendant contends that since the defense counsel did not place the method of fingerprint lifting used in this case at issue, the testimony was irrelevant.
R.S. 15:441 provides:
*356 Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
As long as the evidence has a tendency to make a consequential fact more or less probable, the relevancy test is satisfied. State v. Davenport, 445 So.2d 1190 (La. 1984); State v. Ludwig, 428 So.2d 1073 (La.1982). Therefore, relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Davenport, supra. Ludwig, supra.
A trial judge’s ruling concerning the relevancy of evidence should not be disturbed absent a clear abuse of discretion. State v. Allen, 440 So.2d 1330 (La.1983); State v. Adams, 471 So.2d 298 (La.App. 4th Cir.1985). In this case, the State was attempting to show that the fact that no identifiable prints were obtainable did not show that the defendant was not in the car. Thus, it is relevant.
In support of his contention, the defendant cites State v. Kimble, 407 So.2d 693 (La.1981). In that case, the defense counsel cross-examined a police officer about the procedure used to interrogate the defendant to show coercion. On redirect, the State questioned the defendant concerning the normal procedure in taking a statement. The court held that where the defendant had put the procedure used in obtaining the confession at issue, the prosecutor’s question on redirect, attempting to inform the jury that standard procedure had been used, was relevant.
In this case, the defense counsel propounded the following to Officer Barnes who testified immediately prior to Officer Bowman:
“You mean that they, in an automobile with all that testing, you saw them lift no prints whatsoever.”
Thus, the prosecutor’s questioning, attempting to show that it was not uncommon to find no identifiable prints, was relevant.
This assignment is without merit.

Assignments of Error Numbers Three and Six

By his third and sixth assignments of error, the defendant alleges that the trial court erred in allowing the victim to testify that her doctor treated her for gonorrhea and in allowing the doctor’s testimony that the victim contracted gonorrhea after she was raped. The defendant alleges that the testimony of the victim was impermissible hearsay and that the testimony of both the victim and the doctor were irrelevant and highly prejudicial.
Hearsay evidence is testimony in court of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Joseph, 425 So.2d 1261 (La.1983); State v. Broussard, 391 So.2d 1167 (La.1980).
In this case, the victim testified that she was treated for gonorrhea as a result of what her doctor said. She did not testify to what the doctor said. In addition, the victim’s doctor took the stand and testified as to what he told her.
The defendant also alleges that the introduction of the fact that the victim contracted gonorrhea is irrelevant and should not have been admitted. In State v. Washington, 430 So.2d 641 (La.1983), the court allowed a doctor’s testimony that he was certain that the victim had contracted gonorrhea even though the test results were negative. The negative tests related to the weight, not admissibility, of the evidence. In that case, medical testimony was also introduced to show that the defendant had gonorrhea.
In the present case, no direct evidence was introduced to show that the defendant had gonorrhea, however evidence of ampi- *357 cillin and prophylactics found in the defendant’s car were introduced. This supports an inference that the defendant may have had gonorrhea and therefore, the testimony that the victim was diagnosed as having gonorrhea shortly after the crime was relevant.
Even if evidence is relevant it still should be excluded if its probative value is outweighed by the risk that its admission will (1) consume too much time, (2) unnecessarily confuse the jury concerning the issues to be determined, (3) excite the emotions of the jury to the undue prejudice of the opponent, or (4) unfairly surprise the opponent. State v. Brown, 428 So.2d 438 (La.1983).
None of these factors are present in this case.
These assignments are without merit.

Assignment of Error Number Four

By his fourth assignment of error, the defendant appears to allege that the trial court erred in limiting his cross-examination of the victim concerning her identification of the defendant.
R.S. 15:275 provides:
In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel.
A similar issue was addressed by the Court of Appeal, Second Circuit, in State v. Russell, 434 So.2d 460 (La.App. 2nd Cir.1983), writ denied, 438 So.2d 1112 (La.1983). In that case, the court said:
The right to cross-examination is a principal means by which the believability of a witness and the truth of his testimony are tested, but the right is subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation. State v. Senegal, [316 So.2d 124 (La.1975) ]; Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); LSA-R.S. 15:275.
******
Here, the question objected to was asked after defense counsel had already thoroughly questioned the victim about the details of the rape, including the physical positions of the victim and the assailant. Numerous questions very similar to that objected to had been asked and had been answered fully on direct and cross-examination. The victim had already testified that she was lying on her back in the back seat with her head flat against the bottom part of the back seat. There was no missed opportunity on the part of the defense to thoroughly cross-examine on relevant and material issues. The question asked was substantially repetitious and appears to have been unnecessary and somewhat harassing. No substantive issues were brushed aside in this case. The defendant does not complain of any specific prejudice such as that in State v. Senegal, supra. The trial judge did not abuse his wide discretion. See State v. Kenner, 384 So.2d 413 (La.1980); State v. Murray, 375 So.2d 80 (La.1979); State v. Nero, 319 So.2d 303 (La.1975); State v. Clouatre, 262 La. 651, 264 So.2d 595. Id. at 462-463.
In this case, the defendant alleges that the trial court’s refusal to allow the victim to answer whether she had made a mistake denied him of his right to cross-examination. This ruling came after eleven transcribed pages of testimony in which the defense counsel questioned the victim’s perception of her assailant repeatedly and in which the victim stated her identification was accurate. The trial court did not err in not ordering the victim to answer the defendant’s question. This assignment is without merit.

Assignments of Error Numbers Seven, Eight and Ten

In assignment of error number seven, the defendant alleges that the trial court erred in allowing Officer Foreman to testify that he first met the defendant on July *358 17, 1977, one week before the commission of the crime. The defendant did not state grounds for his objection. In assignment of error number eight, the defendant alleges that the trial court erred in allowing Officer Foreman to testify as to what the defendant told the officer on July 17. No hearsay objection was raised at trial. It is well settled that if a defendant does not object to testimony at trial, he cannot raise the issue for the first time on appeal. C.Cr.P. art. 841; State v. West, 419 So.2d 868 (La.1982).[3]
Thus, these assignments are not properly before this court.
It may be argued that the defendant’s initial objection made at the beginning of the testimony is a relevancy objection extending to all of the Officer’s testimony. However, the testimony was relevant to show that the defendant knew the area and that he had access to a screwdriver.
The defendant also alleges that the recitation of the defendant’s statements that the car would not start amounted to evidence of other crimes and was therefore inadmissible because the defendant was committing the crime of lying to a police officer. This allegation is unsupported by the record.
Also, assuming arguendo that the trial court erred, such error is harmless. The victim stated at trial that she studied the victim in detail during the crime to remember what he looked like. She also identified him in two photographic lineups, one physical lineup and at trial. The defendant was observed at the scene prior to the occurrence. It appears that the fact that the defendant was seen in the vicinity of the crime one week before, with a screwdriver in his car and claiming to the officer that his car would not start, did not contribute to the verdict beyond a reasonable doubt. C.Cr.P. art. 921; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421 (La.1980).[4]
In assignment of error number ten, the defendant alleges that the trial court erred in permitting Officer Rivierre to testify that he selected the defendant’s picture, in a photographic lineup, as the perpetrator of the offense. The officer had observed the defendant at the scene prior to the crime but had not witnessed the crime.
A review of the record shows that the defendant did not object to this testimony at trial and therefore may not raise this issue on appeal. C.Cr.P. art. 841; West, supra. In addition, the record reveals that the defense counsel was able to show, on cross examination, that the officer did not witness the crime.
These assignments are without merit.

Assignment of Error Number Nine

In this assignment of error, the defendant alleges that the trial court erred *359 in allowing testimony by Officer Foreman to explain that he included the defendant’s picture in a photographic lineup because he had seen the defendant in the area where the crime occurred a week prior to its commission. It is the defendant’s contention that the testimony was irrelevant.
The police officer testified that when he heard the victim’s description of her assailant, he recognized it as a description of the defendant and for that reason he included it in the photographic lineup he was constructing. This testimony is relevant to prove that the victim had been able to describe her assailant in detail.
This assignment is without merit.

Assignments of Error Numbers Eleven, Twelve, Thirteen and Fourteen

In these assignments of error, the defendant alleges that the trial court erred in permitting Officer Cobb to testify to the results of a search of the defendant’s car.
In assignment of error number eleven, the defendant alleges that it was error for the trial court to allow Officer Cobb to testify that she had seized three screwdrivers and a box of ammunition from the defendant’s car. In assignment of error number thirteen, the defendant alleges that the trial court erred in failing to declare a mistrial after it ruled that two of the three screwdrivers and the box of ammunition seized were irrelevant and inadmissible in evidence.
In assignment of error number fourteen the defendant alleges that the trial court erred in allowing the State to question the defendant’s wife as to the existence of the defendant’s screwdrivers.
There does not appear to be any abuse of discretion in the trial court’s actions. The trial court, after hearing the testimony, ruled that the evidence was irrelevant, in effect telling the jury not to consider the fact that the defendant had more than one screwdriver. The court also directly admonished the jury that possession of ammunition was not illegal.
In addition, even if this court had determined that allowing the jury to hear the testimony that the defendant possessed three screwdrivers and a box of ammunition was erroneous, such error is harmless.
Finally, the defendant did not request a mistrial at the time the court ruled on the evidence. Thus he may not ask for a mistrial for the first time on appeal. (C.Cr.P. arts. 770 and 771).
Also in assignment of error number eleven, the defendant alleges that the trial court erred in allowing the admission of the ampicillin and prophylactics into evidence on the grounds that the evidence is irrelevant. However, in this case, testimony was introduced to show that the victim was treated for gonorrhea soon after she had been raped. The defendant’s possession of the ampicillin and prophylactics, items commonly used by persons with gonorrhea, are circumstances which tend to show that the defendant had gonorrhea when he accosted the victim.
The defendant also alleges that, should relevance be found, the prejudicial effect of the ampicillin and prophylactics outweighed their probative value.
Even if evidence is relevant it still should be excluded if its probative value is outweighed by the risk that its admission will (1) consume too much time, (2) unnecessarily confuse the jury concerning the issues to be determined, (3) excite the emotions of the jury to the undue prejudice of the opponent, or (4) unfairly surprise the opponent. Brown, supra. None of these factors are present in this case.
In assignment of error number twelve, the defendant alleges that the trial court erred in allowing Officer Cobb to testify that the pills seized were ampicillin on the basis that the testimony constituted impermissible hearsay on the label of the packet.
A review of the testimony shows that the defendant did not raise his hearsay objection at trial. It may not be raised for the first time on appeal. C.Cr.P. art. 841; West, supra.
*360 Assignments of error numbers eleven through fourteen are without merit.
CONVICTION AND SENTENCE AFFIRMED.

. R.S. 14:42 provided at the time of the crime:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the female because it is committed under any one or more of the following circumstances:
(1) When the female resists the act to the> utmost, but whose resistance is overcome by force.
(2) Where she is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) Where she is under the age of twelve years. Lack of knowledge of the female’s age shall not be a defense.
Whoever commits the crime of aggravated rape shall be punished by death.
The statute was subsequently amended to change the penalty by Acts 1978, No. 239, § 1. The act now provides:
C. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

. Appellant did not brief Assignments of Errors Numbers 1 and 5. In his brief, the appellant stated that he abandoned these assignments of error.

. In West, 419 So.2d at 876, the court said: We have held that the grounds of counsel’s objections must be sufficiently brought to the attention of the trial judge to allow him the opportunity to make the proper ruling and correct any claimed prejudice to the defendant. State v. Harris, 414 So.2d 325 (La.1982); State v. Davis, 357 So.2d 1125 (La. 1978). Therefore, a new ground for objection cannot be presented for the first time on appeal. Harris, supra; Davis, supra; State v. Monroe, 397 So.2d 1258 (La.1981); State v. Bodley, 394 So.2d 584 (La.1981). It is settled that a new basis for an objection cannot be substituted on appeal and that only the grounds made known to the trial judge at the time of his ruling may be relied on by this court. State v. Wright, 410 So.2d 1092 (La.1982); State v. Baylis, 388 So.2d 713 (La.1980); State v. Woodard, 387 So.2d 1066 (La.1980).

. La.C.Cr.P. Art. 921 provides that a judgment or ruling “shall not be reversed ... because of any error ... which does not affect the substantial rights of the accused." Also, the Louisiana Supreme Court has adopted the “harmless error” test, it must be determined "whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case, might have contributed to the conviction.” State v. Martin, 458 So.2d 454, 459 (La.1984) at p. 6. In State v. Vessell, 450 So.2d 938 (La.1984) the Louisiana Sumpreme Court stated that:
A reviewing court (1) must determine whether there is a reasonable possibility that erroneously admitted evidence might have contributed to the conviction, and (2) must be able to declare a belief beyond a reasonable doubt that the error was harmless beyond a reasonable doubt. Id. at 945.